IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JARVIS JACKSON,<br>    #02220000,<br>        Petitioner,<br>vs.<br><br>Director, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)   No. 3:20-CV-3429-B (BH)<br>)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the petitioner's motion for an extension of time to pay the filing fee, received on June 23, 2021 (doc. 8), after judgment was entered. Based on the relevant filings and applicable law, the motion should be liberally construed as a motion to alter or amend the judgment and **GRANTED**, the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be **VACATED**, and the petitioner should be granted thirty days to pay the filing fee.

## I. BACKGROUND

Jarvis Jackson (Petitioner), an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a judgment of conviction that was received on November 20, 2020. (*See* doc. 3.) By *Notice of Deficiency and Order* dated November 24, 2020, he was notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* (IFP). (*See* doc. 4.) He was ordered to either pay the fee or file an IFP motion within thirty days. (*Id.*) The notice specifically stated that a failure to comply could result in the dismissal of the petition. (*Id.*) After well more than thirty days from the date of that order had passed without any response from

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

Petitioner, it was recommended on May 21, 2021, that the case be dismissed for failure to prosecute or follow court orders. (*See* doc. 5.) No objections to the recommendation were filed, and on June 10, 2021, the case was dismissed for failure to prosecute or follow court orders. (*See* docs. 6, 7.)

On June 23, 2021, Petitioner's motion for an extension of time to pay the filing fee for this case was received. (*See* doc. 8.) It contends that he did not receive the order to either pay the fee or file an IFP motion, and that due to his transfers between facilities, he did not receive the recommendation for dismissal until June 15, 2021. (*Id.*) It also claims that he submitted a notice of change of address, but none is reflected on the docket. (*Id.*)[2]

## II. FED. R. CIV. P. 59(e)

Because Petitioner's motion was received within 28 days of the entry of judgment, it is liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").[3]

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for

---

[2] One was filed in his other cases that were pending when he filed this case, but his filing did not list the number for this case.

[3] A motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *Williams*, 602 F.3d at 303 & n. 10. Because Petitioner's motion does not attack the resolution of his claims on the merits, but only an alleged defect in the integrity of the federal habeas proceedings, it does not raise a second or successive claim. *See id.*

rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner's claims that he did not receive the order to either pay the fee or file an IFP motion, and that he did not receive the recommendation for dismissal until June 15, 2021, do not implicate either (1) an intervening change in law or (2) the availability of new evidence. His motion, which was received within eight days of his receipt of the recommendation, and within thirteen days of the entry of judgment, seeks an extension of time to pay the filing fee. Petitioner's failure to timely pay the filing fee or file objections because he did not receive the notice and recommendation implicates a manifest error of fact that warrants consideration of the need to render a decision on the basis of all the facts. Accordingly, his motion should be liberally construed as motion to alter or amend the judgment and granted.

## IV. RECOMMENDATION

The motion for an extension of time to pay the filing fee should be liberally construed as a motion to alter or amend the judgment and **GRANTED**, the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be **VACATED**, and the petitioner should be granted thirty days to pay the filing fee.

**SIGNED on this 24th day of June, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE